763 So.2d 314 (2000)
Ricky DIXON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC99-193.
Supreme Court of Florida.
July 13, 2000.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, Celia Terenzio, Bureau Chief, West Palm Beach Branch, and James J. Carney, *315 Assistant Attorney General, West Palm Beach, Florida, for Respondent.
PER CURIAM.
We have for review Dixon v. State, 745 So.2d 1100 (Fla. 4th DCA 1999), in which the Fourth District Court of Appeal certified conflict with the Second District's decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), on the issue of standing to challenge chapter 95-182, Laws of Florida, as violative of the single subject rule contained in article III, section 6 of the Florida Constitution. We have jurisdiction. See Art. V, § 3(b)(4), Fla. Const.
The State of Florida alleged that on March 21, 1997, Ricky Dixon committed a battery on a law enforcement officer. Dixon was convicted as charged and sentenced as a violent career criminal pursuant to section 775.084(1)(c), Florida Statutes (1995).
Dixon appealed to the Fourth District, arguing that chapter 95-182, which created the violent career criminal sentencing category incorporated into section 775.084, violated the single subject rule contained in article III, section 6 of the Florida Constitution. The district court affirmed Dixon's sentence as a violent career criminal. See Dixon, 745 So.2d at 1100. In addition, the district court held that Dixon lacked standing to challenge the validity of chapter 95-182 because the date of the commission of the crime was outside the window period within which such challenge could be made. See id. (citing Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999)(holding that only those persons who committed their criminal offense on or after October 1, 1995, but before October 1, 1996, had standing to challenge chapter 95-182 on single subject rule grounds)). In so doing, the Dixon court certified conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), wherein the Second District held that the window period for such challenges extended from October 1, 1995 thru May 24, 1997. See Dixon, 745 So.2d at 1100. Dixon sought review in this Court.
Since the issuance of the Fourth District's decision below, this Court has resolved the certified conflict. In Salters v. State, 758 So.2d 667 (Fla.2000), we conclusively determined that those who seek to challenge the "violent career criminal sentencing provision enacted by chapter 95-182 have standing to do so if the relevant criminal offense or offenses occurred on or after October 1, 1995, and before May 24, 1997." Thus, consistent with our decision in Salters, we find that because Ricky Dixon committed the offense charged on March 21, 1997, he does in fact have standing to assert a single subject rule challenge to chapter 95-182.[1]
Accordingly, we quash the decision below to the extent it held that Dixon lacked standing to challenge chapter 95-182. Further, we reverse Dixon's violent career criminal sentence and remand for resentencing in accordance with the valid laws in effect on October 14, 1996, the date of the offense. See State v. Thompson, 750 So.2d 643, 649 (Fla.1999)(holding that chapter 95-182 violated the single subject rule requirement set out in the Florida Constitution and remanding for resentencing in accordance with the valid laws in effect at the time the defendant committed the offense).
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., dissents.
NOTES
[1] Even though Dixon failed to raise a single subject rule challenge in the trial court, we find that such challenge may be properly addressed for the first time on appeal. Cf. Heggs v. State, 759 So.2d 620, 623, 624 n.4 (Fla.2000); Nelson v. State, 748 So.2d 237, 241-42 (Fla.1999), cert. denied, ___ U.S. ___, 120 S.Ct. 950, 145 L.Ed.2d 825 (2000); State v. Johnson, 616 So.2d 1, 3-4 (Fla.1993).