PER CURIAM.
Marion Johnson appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Johnson alleges that he was sentenced on August 20, 1996, for an offense that occurred during the period in which the 1995 guidelines have been found invalid. See Heggs v. State, 759 So.2d 620 (Fla.2000). It is, however, clear from Johnson’s motion and the other records before this court that Johnson was not in fact sentenced under the guidelines but rather under the habitual felony offender statute.[1] He is not, therefore, entitled to relief under Heggs.
We write because the trial court denied Johnson’s claim on an erroneous basis. The trial court concluded that Johnson’s claim was procedurally barred as successive and as an abuse of process because Johnson had previously filed two other postconviction motions alleging different claims of error. The law is well-settled that a motion to correct an illegal sentence raising a new issue may not be denied on these grounds. See Pnce v. State, 692 So.2d 971 (Fla. 2d DCA 1997) (holding that rule 3.800 contains no proscription against successive motions); Bums v. State, 637 So.2d 937 (Fla. 2d DCA 1994) (holding that the abuse of procedure provision in rule 3.850 is inapplicable to rule 3.800 proceedings). Although this error would ordinari *478 ly require reversal, we affirm because we were able to ascertain from the record before this court that Johnson is not entitled to any relief.
Affirmed.
FULMER, A.C.J., and GREEN and STRINGER, JJ„ Concur.

. See § 775.084, Fla. Stat. (1995).