770 So.2d 192 (2000)
Derrick Keith EVERETT, a/k/a Derrick Keith Everette, a/k/a Anthony G. Simons, a/k/a Anthony Keith Simons, a/k/a Wilton Simons, a/k/a Walker People, a/k/a Edwin Davis, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-924.
District Court of Appeal of Florida, Second District.
September 29, 2000.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
The public defender brought this appeal on behalf of Derrick Keith Everett pursuant to Anders[1] in regard to the judgment *193 and sentence imposed following a jury's verdict of guilt for attempted murder in the first degree. A review of the record reveals no reversible error as to the conviction which we affirm without discussion. However, there is error in regard to Everett's sentence which we reverse and remand for resentencing. In so doing, we note that this case involves an issue implicated by State v. Thompson, 750 So.2d 643 (Fla.1999), but not squarely addressed therein.
Everett was sentenced as a habitual felony offender, pursuant to chapter 95-182, Laws of Florida, for attempted murder in the first degree, a life felony. Prior to the enactment of chapter 95-182, a defendant convicted of a life felony was not subject to an enhanced punishment as a habitual offender. See Lamont v. State, 610 So.2d 435 (Fla.1992); see also Lafleur v. State, 661 So.2d 346, 349 n. 1 (Fla. 3d DCA 1995). Everett's offense occurred on July 23, 1996, and in reliance upon the fact that the effective date of chapter 95-182 was October 1, 1995, the trial court correctly sentenced Everett as a habitual felony offender. However, the trial judge did not have a crystal ball before her to know that subsequent to the imposition of Everett's sentence, chapter 95-182 would be declared unconstitutional as violative of the single-subject rule. See Thompson, 750 So.2d at 649. Thus, Everett's enhanced sentence as a habitual felony offender is now improper and must be reversed.[2] Upon remand, the trial court shall resentence Everett pursuant to the valid laws in effect on the date the offense was committed. See Heggs v. State, 759 So.2d 620 (Fla.2000). Finally, on resentencing the trial court may impose an upward departure sentence if one or more permissible reasons are applicable.
Affirmed in part; reversed and remanded for resentencing.
GREEN, A.C.J., and CASANUEVA, J., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Anders Briefs, 581 So.2d 149 (Fla.1991); State v. Davis, 290 So.2d 30 (Fla.1974).
[2] Upon this court's request, the parties provided supplemental briefing on this point. Both the public defender and the State conceded that the imposition of a habitual felony offender enhancement was improper in this case.