775 So.2d 347 (2000)
Rudolph JAMES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-1946.
District Court of Appeal of Florida, First District.
October 6, 2000.
Rehearing Denied November 22, 2000.
Appellant pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Rudolph James, Jr. appeals the trial court's denial of his motion under Florida Rule of Criminal Procedure 3.850. On appeal, Mr. James argues that he is entitled to relief on two grounds. We affirm the trial court's finding, after an evidentiary hearing, that the first ground, allegedly ineffective assistance of counsel for failure to assert a voluntary intoxication defense, is without merit.
Mr. James also argues that the trial court erred in denying his motion because his sentences for attempted first-degree murder with a firearm and for armed burglary were illegally enhanced as habitual felony offender sentences. As to the sentence for attempted first-degree murder with a firearm, a life felony, we agree and reverse.
At one time, life felonies were not subject to habitual felony offender enhancement. See § 775.084(4)(a), Fla. Stat. (1993); Lamont v. State, 610 So.2d 435, 438 (Fla.1992) ("[O]ne convicted of a life felony is not subject to enhanced punishment as a habitual offender under section 775.084."). In an effort to make life felonies subject to habitual felony offender enhancement, the Legislature enacted chapter 95-182. See Ch. 95-182, § 2, at *348 1669, Laws of Fla. But our supreme court held in State v. Thompson, 750 So.2d 643, 649 (Fla.1999) that chapter 95-182 violated the single-subject rule of article III, section 6 of the Florida Constitution.
Mr. James is therefore entitled to resentencing pursuant to the laws in effect prior to the amendment for any life felony committed before remedial legislation closed the window on May 24, 1997. See Lewis v. State, 764 So.2d 874, 874 (Fla. 4th DCA 2000). Mr. James committed his offenses on May 22, 1996, within the window for challenging convictions improperly enhanced under amended section 775.084. See Dixon v. State, 763 So.2d 314, 314 (Fla.2000); Salters v. State, 758 So.2d 667, 671 (Fla.2000).
Only one of Mr. James' offenses (attempted first-degree murder with a firearm), however, was a life felony. See §§ 775.087(1)(a), 777.04(4)(b), 782.04(1)(a), Fla. Stat. (1995). The other offense of which Mr. James was convicted, armed burglary, was a first-degree felony punishable by life imprisonment. See § 810.02(2)(b), Fla. Stat. (1995); Lamont, 610 So.2d at 438-39. A life felony is not the same as a first-degree felony punishable by life. See Burdick v. State, 594 So.2d 267, 268-69 (Fla.1992).
At all pertinent times, a first degree felony punishable by life could be enhanced by habitual felony offender classification. See § 775.084(4)(a)1., Fla. Stat. (1993); Burdick, 594 So.2d at 271. Since Mr. James could have been sentenced as a habitual felony offender for the offense of armed burglary prior to the amendment, he is not entitled to resentencing for this offense. See Dixon, 763 So.2d at 314; Tiger v. State, 764 So.2d 824, 824-25 (Fla. 4th DCA 2000).
Consequently, we affirm the trial court's order as it pertains to Mr. James' convictions and his sentence for armed burglary. However, we reverse the order as it pertains to his sentence for attempted first-degree murder with a firearm and remand for sentencing under the guidelines in effect at the time of the offense.
JOANOS, WOLF, and BENTON, JJ., CONCUR.