777 So.2d 1167 (2001)
Carlos L. WOODSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2255.
District Court of Appeal of Florida, Third District.
February 14, 2001.
Carlos L. Woodson, in proper person.
Robert A. Butterworth, Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and RAMIREZ, JJ.
COPE, J.
Carlos L. Woodson appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
Defendant-appellant Woodson was convicted of burglary of an occupied dwelling with an assault while armed, and two counts of sexual battery with a deadly weapon. All three convictions were classified as life felonies.[1] The crime date was February 15, 1996.
Defendant contends, and the State concedes, that his habitual offender adjudication must be vacated because chapter 95-182, Laws of Florida, was held unconstitutional on account of a violation of the single subject rule. As the Second District has explained:
Prior to the enactment of chapter 95-182, a defendant convicted of a life felony *1168 was not subject to an enhanced punishment as a habitual offender. See Lamont v. State, 610 So.2d 435 (Fla.1992); see also Lafleur v. State, 661 So.2d 346, 349 n. 1 (Fla. 3d DCA 1995). Everett's offense occurred on July 23, 1996, and in reliance upon the fact that the effective date of chapter 95-182 was October 1, 1995, the trial court correctly sentenced Everett as a habitual felony offender. However, the trial judge did not have a crystal ball before her to know that subsequent to the imposition of Everett's sentence, chapter 95-182 would be declared unconstitutional as violative of the single-subject rule. See [State v.] Thompson, 750 So.2d [643,] at 649 [(Fla. 1999)]. Thus, Everett's enhanced sentence as a habitual felony offender is now improper and must be reversed. Upon remand, the trial court shall resentence Everett pursuant to the valid laws in effect on the date the offense was committed. See Heggs v. State, 759 So.2d 620 (Fla.2000). Finally, on resentencing the trial court may impose an upward departure sentence if one or more permissible reasons are applicable.
Everett v. State, 770 So.2d 192, 193 (Fla. 2d DCA 2000).
In accordance with Everett, we reverse the habitual offender adjudication and remand for resentencing pursuant to the valid laws in effect on the date the offense was committed. The trial court may impose an upward departure sentence if there is a valid reason. Defendant is of course entitled to the assistance of counsel at the resentencing proceeding.
We conclude that the defendant's remaining claims in his Rule 3.850 motion are without merit. We therefore affirm the denial of postconviction relief on the remaining points.
Affirmed in part, reversed in part, and remanded for resentencing.
NOTES
[1] Sexual battery with a deadly weapon is a life felony. § 794.011(3), Fla. Stat. (1995).

As to burglary, defendant was convicted of burglary of an occupied dwelling with an assault or battery, in violation of section 810.02(2)(a), Florida Statutes (1995), which is a first degree felony punishable by life imprisonment. The conviction was enhanced to a life felony on account of the use of a weapon. See id. § 775.087(1).