783 So.2d 1104 (2001)
Lee WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4061.
District Court of Appeal of Florida, Second District.
March 9, 2001.
*1105 CASANUEVA, Judge.
Lee Wilson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Wilson alleges he is entitled to be resentenced under the 1994 guidelines and is entitled to additional gain time pursuant to the supreme court's decision in Heggs v. State, 759 So.2d 620 (Fla.2000), for offenses which he states occurred during the Heggs window period. Wilson also claims that he is entitled to additional jail credit on his conviction for robbery with a weapon. We reverse as to two of these claims.
The trial court found that Wilson was not entitled to Heggs relief because he was sentenced as a habitual felony offender. The trial court, however, failed to include any record attachments to support this finding. We therefore reverse and remand as to this claim. If the trial court again enters an order declaring Heggs resentencing unnecessary, it should attach all documents required to reach that conclusion. Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
The trial court failed to address Wilson's other two claims. As to Wilson's claim that he is entitled to additional gain time, Wilson must first exhaust administrative remedies through the Department of Corrections. See Clements v. State, 761 So.2d 1245 (Fla. 2d DCA 2000). If Wilson is not satisfied with the ruling of the Department, he can then file a petition for writ of mandamus with the appropriate circuit court. See Newsome v. Singletary, 637 So.2d 9 (Fla. 2d DCA 1994). Because rule 3.850 was not the proper method by which to raise this claim, we affirm as to it without prejudice to any right Wilson might have to seek the above remedies.
Wilson also alleges that although he spent approximately six months in jail for the robbery charge, he received no credit for time served against the prison sentence imposed in that case. We reverse and remand for the trial court to consider this claim. Should the trial court summarily deny this claim, it must attach record documents conclusively demonstrating that Wilson received all of the jail credit to which he is entitled.
Affirmed in part; reversed in part; and remanded.
PARKER, A.C.J., and GREEN and CASANUEVA, JJ., concur.