786 So.2d 1194 (2001)
Derrick LOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-52.
District Court of Appeal of Florida, Second District.
May 25, 2001.
CASANUEVA, Judge.
Derrick Lowe appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Lowe alleged he was entitled to be resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Lowe also claimed the habitual felony offender sentences for his life felony convictions were illegal because they were imposed pursuant to an unconstitutional version of section 775.084, Florida Statutes (1995), which authorized life felonies to be subjected to habitual felony offender enhancement. See State v. Thompson, 750 So.2d 643 (Fla.1999).
As to Lowe's first claim, the trial court denied Heggs relief because Lowe was not sentenced under the guidelines, but rather as a habitual felony offender, and therefore, was not entitled to Heggs resentencing. The trial court is correct. See Johnson v.. State, 768 So.2d 477 (Fla. 2d DCA 2000). We affirm as to this claim.
The trial court, however, failed to address Lowe's allegation that he was not subject to habitualization on convictions for life felonies. If Lowe was, in fact, sentenced as a habitual felony offender for life felonies that occurred prior to May 24, 1997, then he is entitled to be resentenced. See James v. State, 775 So.2d 347 (Fla. 1st *1195 DCA 2000). We reverse and remand as to this claim.
On remand, the trial court shall reconsider the sentences in accordance with the valid laws in effect at the time of Lowe's offenses. See Thompson, 750 So.2d at 649.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and FULMER, J., Concur.