PER CURIAM.
Cornelio Diaz timely appeals the second summary denial of his postconviction motion. The first order was reversed in Diaz v. State, 766 So.2d 246 (Fla. 4th DCA 2000). On remand, the trial court again denied the motion without holding an evi-dentiary hearing but adopted and attached to its order the state’s response to the motion. We reverse the order only insofar as it denied Diaz’ claim for resentencing under Heggs v. State, 759 So.2d 620 (Fla. 2000).
The trial court found that Diaz’ offenses were committed during the window period when the 1995 sentencing guidelines were unconstitutional, and that the sentence he received for one of the counts exceeded the sentencing range under the 1994 guidelines. However, the court pointed out that it had found two reasons for an upward departure at the original sentencing hearing, and concluded that it would have imposed the same sentence under the 1994 guidelines.
The state agrees that a new sentencing hearing is required. The trial court may enter an upward departure sentence after the original guidelines sentence is vacated under Heggs. See Woodson v. State, 777 So.2d 1167 (Fla. 3d DCA 2001); Everett v. State, 770 So.2d 192, 193 (Fla. 2d DCA 2000). But see Etienne v. State, 780 So.2d 1038 (Fla. 4th DCA 2001)(trial court cannot impose departure sentence when it had rejected the reasons for an upward departure at the original sentencing hearing). However, the resentencing procedure must comply with the requirements of due process and the Sixth Amendment. Dougherty v. State, 785 So.2d 1221 (Fla. 4th DCA 2001)(defen-dant’s presence is required at resentencing hearing); Ingram v. State, 789 So.2d 430 (Fla. 4th DCA 2001)(indigent defendant has right to court-appointed counsel); *524 June v. State, 784 So.2d 1257 (Fla. 5th DCA 2001)(defendant may challenge prior convictions); Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001)(defendant may seek scoresheet corrections).
We reverse on this point only and remand for a new sentencing hearing. In all other respects, the order on appeal is affirmed.
POLEN, C.J., FARMER and SHAHOOD, JJ., concur.