GRIFFIN, J.
Defendant, Ricky Gordon [“Gordon”], appeals the summary denial of this Rule 3.800(a) motion. Gordon was convicted of robbery with a deadly weapon, armed burglary and aggravated stalking in 1997 and was sentenced as an habitual felony offender to twenty years on the first two charges and ten years on the last offense. He claims that his sentence is illegal under Heggs v. State, 759 So.2d 620 (Fla.2000) and State v. Thompson, 750 So.2d 643 (Fla.1999), because robbery with a deadly weapon and armed burglary are life felonies and he cannot be sentenced as a habitual felony offender for life felonies.
As the trial court correctly points out, Gordon mistakenly believes that robbery with a deadly weapon and armed burglary are life felonies, but, in fact, they are first-degree felonies punishable by a term of incarceration not exceeding life. See §§ 812.13(2)(a); 810.02(2)(b), Fla. Stat. (1995). First-degree felonies punishable by life have always been subject to habitual felony offender sentencing. See Burdick v. State, 594 So.2d 267 (Fla.1992); James v. State, 775 So.2d 347 (Fla. 1st DCA 2000), review denied, No. SC00-2662, 790 So.2d 1104 (Fla. Apr.24, 2001). The trial court attached copies of Gordon’s judgment to confirm the offenses were first-degree felonies punishable by life.
As Gordon was properly sentenced as an habitual felony offender, his sentence was not affected by Heggs, which held that the 1995 amendments to the sentencing guidelines violated the single-subject rule. See Mitchell v. State, 775 So.2d 428 (Fla. 5th DCA 2001)(habitual offender sentences are not affected by Heggs as such sentences are not guideline sentences); see also Lowe v. State, 786 So.2d 1194 (Fla. 2d DCA 2001)(same). Similarly, since Gordon was not sentenced as a violent career criminal, his sentence was not affected by Thompson, which held that Chapter 95-182, creating the violent career criminal *1127 sentencing category, violated the single-subject rule.
AFFIRMED.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.