801 So.2d 234 (2001)
Lee WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3419.
District Court of Appeal of Florida, Second District.
December 7, 2001.
CASANUEVA, Judge.
Lee Wilson appeals the trial court's summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Wilson alleges that he is entitled to be resentenced under the 1994 guidelines pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), in case numbers 96-16274 and 97-6956. Wilson also claims that he is entitled to additional jail time credit as to case number 96-16274. We reverse one of Wilson's claims. The order of the trial court is affirmed in all other respects.
Previously, in Wilson v. State, 783 So.2d 1104 (Fla. 2d DCA 2001) ("Wilson I"), we reviewed an apparently identical motion from Wilson and an apparently identical order summarily denying relief. In Wilson I, we reversed and remanded with directions that if the trial court again denied Heggs relief, it should attach all documents required to support its conclusion that resentencing was unnecessary because Wilson was sentenced as a habitual offender. We also reversed the additional jail time credit issue because the trial court failed to address the claim. Id. at 1105. The only difference between the current order and the previous order is the attachment of the judgment and sentencing documents for case number 96-16274 and a new date on the order. Accordingly, it is not clear from the record before this court whether the trial court has complied with our mandate or if the trial court has ruled on a duplicate motion without reference to our mandate.
Wilson's claim for Heggs relief concerning case number 97-6956 has still not been refuted by the trial court's attachments because they relate only to case number 96-16274. Accordingly, we again reverse and remand as to this claim. Should the trial court deny this claim, it must attach record documents conclusively demonstrating that Wilson is not entitled to relief. Wilson, 783 So.2d at 1105.
As to Wilson's claim for Heggs relief and additional jail credit concerning case number 96-16274, which we previously *235 reversed, we now affirm those claims based upon the record attachments provided by the trial court. The trial court attached a copy of the judgment and sentence for case number 96-16274 which showed that Wilson was not entitled to Heggs relief because he was sentenced as a habitual offender. See Johnson v. State, 768 So.2d 477 (Fla. 2d DCA 2000). The trial court's attachments further showed that Wilson was awarded 220 days of jail time credit which is an amount equal to or greater than that he requests in his motion.
We affirm Wilson's remaining claim without comment.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and GREEN, J., Concur.