810 So.2d 1101 (2002)
Herman U. GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-2704.
District Court of Appeal of Florida, First District.
March 26, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The appellant claims that his sentence for the life felony of second-degree murder with a firearm was enhanced improperly under the habitual violent felony offender statute. The appellant's sentence was enhanced pursuant to amendments to the habitual violent felony offender statute enacted by Chapter 95-182, Laws of Florida. Chapter 95-182 was declared unconstitutional as violative of the single-subject rule. See State v. Thompson, 750 So.2d 643, 649 (Fla.1999). The appellant's offense date fell between October 1, 1995, and May 24, 1997, the window period for challenging the violent career criminal sentencing provisions created by chapter 95-182. See Salters v. State, 758 So.2d 667, 671 (Fla. 2000). Thus, the enhancement of the appellant's life felony under the habitual violent felony offender statute is improper. See Woodson v. State, 777 So.2d 1167, 1168 (Fla. 3d DCA 2001), citing Everett v. State, 770 So.2d 192, 193 (Fla. 2d DCA 2000). As conceded by the state, the appellant should *1102 be resentenced for the life felony conviction pursuant to the laws that were in effect at the time of his offense. We accordingly reverse the order summarily denying this claim and remand for the trial court to resentence the appellant on his conviction for second-degree murder with a firearm. The appellant's remaining convictions, which were not life felonies, are unaffected by this decision.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BOOTH, WOLF and LEWIS, JJ., concur.