831 So.2d 1253 (2002)
Willie KINSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-2938.
District Court of Appeal of Florida, Second District.
December 13, 2002.
CASANUEVA, Judge.
Willie Kinsey appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Kinsey is currently serving five concurrent habitual felony offender sentences of life in prison imposed for convictions of two life felonies and three first-degree felonies punishable by life imprisonment. We affirm without comment the order of the trial court with regard to the sentences imposed for the three first-degree felonies punishable by life imprisonment. However, we reverse the order of the trial court with regard to the sentences imposed for the two life felonies *1254 with directions for the trial court to vacate those sentences and to resentence Kinsey.
In 1997, Kinsey's sentencing court had authority to sentence him as a habitual felony offender for his life felonies pursuant to chapter 95-182, Laws of Florida. Prior to the enactment of chapter 95-182, a defendant convicted of a life felony was not subject to an enhanced punishment as a habitual felony offender. However, the Florida Supreme Court in State v. Thompson, 750 So.2d 643 (Fla.1999), struck down chapter 95-182 as unconstitutional. The imposition of a habitual felony offender sentence for a life felony can be challenged under the authority of Thompson if the life felony was committed between October 1, 1995, and May 24, 1997. See Green v. State, 810 So.2d 1101 (Fla. 1st DCA 2002) (holding that the window period for challenging the enhanced sentencing provisions created by chapter 95-182 is from October 1, 1995, to May 24, 1997).
Since Kinsey's life felonies were committed on January 27, 1997, during the window period, the habitual felony offender sentences imposed for them must be reversed. This court in Everett v. State, 770 So.2d 192, 193 (Fla. 2d DCA 2000), invalidated a habitual felony offender sentence for a life felony committed during the window period and directed on remand that the trial court resentence the defendant under the version of the sentencing guidelines proper for the date on which the offense was committed. This court also noted that the trial court has the discretion at resentencing to impose an upward departure sentence if one or more permissible reasons are applicable.
On remand, Kinsey must be resentenced under the 1994 version of the sentencing guidelines since his offense date is also within the window period for relief pursuant to Heggs v. State, 759 So.2d 620 (Fla. 2000). See DeMonia v. State, 806 So.2d 545, 546 n. 1 (Fla. 2d DCA 2001) (recognizing that the window period for a Heggs challenge is from October 1, 1995, to May 24, 1997). In addition, as authorized by Everett, the trial court at resentencing has the discretion to impose an upward departure sentence if one or more permissible reasons are applicable.
Affirmed in part, reversed in part, and remanded with directions.
DAVIS and KELLY, JJ, Concur.