PER CURIAM.
Donald Cook appeals the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. Cook was sentenced as a habitual felony offender to 25 years in prison for attempted first degree murder, a life felony. Before the enactment of Chapter 95-182, Laws of .Florida, life felonies were. not subject to habitual offender enhancement. Lamont v. State, 610 So.2d 435 (Fla.1992). Chapter 95-182 was declared unconstitutional as violating the single subject requirement. State v. Thompson, 750 So.2d 643 (Fla.1999). Remedial legislation closed the window period on May 24, 1997. Lewis v. State, 764 So.2d 874 (Fla. 4th DCA 2000). Cook committed his offense on May 4,1997.
Accordingly, Cook’s habitual offender sentence for the life felony of attempted first degree murder is illegal. Kinsey v. State, 831 So.2d 1253 (Fla. 2d DCA 2002); see also Lowe v. State, 786 So.2d 1194 (Fla. 2d DCA 2001); Woodson v. State, 777 So.2d 1167 (Fla. 3d DCA 2001);. James v. State, 775 So.2d 347 (Fla. 1st DCA 2000). We reverse the trial court’s order denying Cook’s motion and remand the case for resentencing on the attempted first degree murder conviction. Cook shall be resen-tenced under the 1994 sentencing guidelines as he is also within the window period of Heggs v. State, 759 So.2d 620 (Fla.2000). The court may impose an upward departure sentence for valid reasons. Everett v. State, 770 So.2d 192 (Fla. 2d DCA 2000).
POLEN, STEVENSON and MAY, JJ., concur.