868 So.2d 631 (2004)
Edward FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2687.
District Court of Appeal of Florida, Second District.
March 12, 2004.
STRINGER, Judge.
Edward Ford challenges the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). On October 9, 1998, Ford was sentenced as a habitual felony offender to life in prison for count one, armed burglary, thirty years in prison for count two, aggravated battery, life in prison for count five, armed burglary, life in prison for count six, attempted firstdegree murder, thirty years in prison for count eight, possession of a firearm by a convicted felon, and ten years in prison for count nine, aggravated stalking. We reverse the order of the trial court with regard to the sentence imposed for count six, attempted first-degree murder with directions for the trial court to vacate that sentence and resentence Ford. We affirm without comment the order of the trial court with regard to the other sentences.
As this court stated in Everett v. State, 770 So.2d 192, 193 (Fla. 2d DCA 2000), prior to the enactment of chapter 95-182, Laws of Florida, a defendant convicted of a life felony was not subject to an enhanced punishment as a habitual offender. However, the Florida Supreme Court in State v. Thompson, 750 So.2d 643 (Fla. 1999), struck down chapter 95-182 as unconstitutional. The imposition of a habitual offender sentence for a life felony can be challenged under the authority of Thompson if the life felony was committed between October 1, 1995, and May 24, 1997. See Kinsey v. State, 831 So.2d 1253 (Fla. 2d DCA 2002). Because Ford's offense occurred on May 8, 1997, Ford's habitual felony offender sentence for attempted *632 first-degree murder, a life felony, falls within the window of Thompson. His habitual felony offender sentence, therefore, must be reversed.
On remand, Ford must be resentenced under the 1994 version of the sentencing guidelines since his offense date is also within the window period for relief pursuant to Heggs v. State, 759 So.2d 620 (Fla. 2000). In addition, as authorized by this court in Everett, the trial court at resentencing has the discretion to impose an upward departure sentence if one or more permissible reasons are applicable.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and WALLACE, JJ., concur.