871 So.2d 301 (2004)
Jessie R. TEAGUE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2727.
District Court of Appeal of Florida, First District.
April 19, 2004.
*302 Appellant, pro se.
Charlie Crist, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court erred in denying the appellant's motion as successive and the appellant has a facially sufficient claim of an illegal sentence, we reverse.
On April 20, 1992, the appellant was convicted of (1) sale of cocaine within 1,000 feet of a school, (2) possession of cocaine within 1,000 feet of a school, (3) sale of cocaine within 1,000 feet of a school, and (4) possession of cocaine within 1,000 feet of a school and was sentenced as a habitual felony offender to consecutive terms of eight years' imprisonment with consecutive three-year mandatory minimums. The appellant subsequently filed a motion to correct his illegal sentence; and on September 8, 1995, the trial court entered an order finding that it was proper to run the appellant's sentences consecutively, but it was improper for the appellant to receive mandatory minimum sentences on counts two and four because counts one and two and counts three and four were single criminal episodes. Thus, the trial court struck the mandatory minimum sentences on counts two and four.
On May 24, 2001, the trial court entered an order denying the appellant's claim that his consecutive sentences on counts one and two and his consecutive sentences on counts three and four were illegal pursuant to Hale v. State, 630 So.2d 521 (Fla. 1993), reasoning that the claim should have been raised in a rule 3.850 motion. On January 18, 2002, the appellant filed a second rule 3.800(a) motion again alleging that he was entitled to relief pursuant to the decision in Hale. The trial court denied this motion as successive. The appellant is now appealing the summary denial of that motion.
The trial court erroneously denied the appellant's motion as successive because it does not appear from the face of the record that the appellant's claim has ever been addressed on its merits. A Hale claim is cognizable in a rule 3.800(a) motion as long as the fact that the multiple convictions arose from a single criminal episode is readily apparent from the face of the record. Valdes v. State, 765 So.2d 774, 776 (Fla. 1st DCA 2000). In the instant case, the trial court previously determined that only two criminal episodes occurred, each involving one sale and one possession of cocaine. Thus, the appellant has a facially sufficient claim that his four consecutive habitual felony offender sentences violate the decision in Hale. See Valdes.
We therefore reverse the trial court's summary denial of the appellant's motion and remand for the trial court to address the merits of the appellant's claim.
REVERSED and REMANDED.
ERVIN and BOOTH, JJ., and SMITH, Senior Judge, concur.