877 So.2d 836 (2004)
Jerome BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1085.
District Court of Appeal of Florida, Fourth District.
July 7, 2004.
*837 Jerome Bailey, Madison, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Jerome Bailey appeals an order summarily denying his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part, reverse in part, and remand.
The post-conviction motion concerns the first two of Bailey's three counts, all committed on March 18, 1995. In those two counts, Bailey was charged with (I) attempted first degree murder with a firearm, a life felony, and (II) attempted robbery with a firearm.
Pursuant to plea negotiations, the state amended count I of the information to charge attempted first degree murder, a first degree felony, omitting the firearm specifically so that Bailey could receive an enhanced sentence for count I as a habitual felony offender. Bailey entered no contest pleas to the two counts. The plea colloquy established that Bailey understood that he could be habitualized. He was sentenced on each of these two counts to twenty-five years as a habitual violent felony offender with a fifteen-year mandatory minimum. A firearm mandatory minimum was imposed only with respect to the second count.
*838 In his motion, Bailey argued that the first count was reduced from a life felony to a first degree felony because he possessed a "handgun" instead of a "firearm"; however, because the two are synonymous as a matter of law, his first count was a life felony, which was not subject to habitualization at the time the offense was committed. Accordingly, he asked that his habitual offender sentence be vacated in favor of a non-habitual sentence. Bailey is not entitled to this relief; the prosecuting authority has the discretion to determine what level of offense is to be charged, and because the offense was amended to a first degree felony prior to entry of the plea, that was the offense to which Bailey pled.
First degree murder is a capital felony, see § 782.04(1)(a), Fla. Stat. (1993); and the attempt to commit a capital felony is a first degree felony, see § 777.04(4)(b), Fla. Stat. (1993). Without enhancing the offense, such as for use of a firearm, attempted first degree murder is not a life felony. See, e.g., Hall v. State, 855 So.2d 116 (Fla. 2d DCA 2003).[1]
On a separate point in his motion, Bailey asserted that he could not legally receive a fifteen-year mandatory minimum for the attempted robbery with a firearm, a second degree felony,[2] but could receive at most a ten-year mandatory minimum. This claim is correct. See § 775.084(4)(b)2., Fla. Stat. (1993); Ruffin v. State, 835 So.2d 272, 273 (Fla. 3d DCA 2002). We therefore reverse the trial court's summary denial of the motion to this extent only, and remand either for correction of the mandatory minimum sentence in count II or for the attachment of portions of the record that refute this claim.
Affirmed in part, reversed in part, and remanded.
WARNER, POLEN and GROSS, JJ., concur.
NOTES
[1] Bailey filed with this court a notice of supplemental authority citing Cook v. State, 866 So.2d 1291 (Fla. 4th DCA 2004), in which this court reversed the denial of a rule 3.800(a) motion to correct illegal sentence, holding that Cook's habitual offender sentence for the life felony of attempted first degree murder (without mentioning a firearm) was illegal, because the offense was committed on May 4, 1997, at a time when Chapter 95-182, the legislation making a life felony subject to habitualization, was unconstitutional pursuant to State v. Thompson, 750 So.2d 643 (Fla.1999). We take this opportunity to clarify the Cook opinion: although the opinion did not reflect it, the offense in that case in fact was the life felony of attempted first degree murder with a firearm.
[2] Robbery with a firearm is a first degree felony, see § 812.13(2)(a), Fla. Stat. (1993), and the attempt to commit a first degree felony is a second degree felony, see § 777.04(4)(c), Fla. Stat. (1993).