970 So.2d 435 (2007)
Jerome BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3066.
District Court of Appeal of Florida, Fourth District.
November 28, 2007.
Rehearing Denied January 9, 2008.
Jerome Bailey, Madison, pro se.
No appearance required for appellee.
*436 PER CURIAM.
We affirm the trial court's denial of appellant's motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The issue presented in the motion has already been decided adversely to the appellant on numerous occasions. See Bailey v. State, 877 So.2d 836, 838 (Fla. 4th DCA 2004); Bailey v. State, No. 4D05-2602 (Fla. 4th DCA Aug. 11, 2005) (dismissing petition for writ of habeas corpus as legally insufficient); Bailey v. State, 933 So.2d 535 (Fla. 4th DCA 2006) (Table). Because the denial of this issueon the merits, the first time it was raisedwas affirmed on appeal, the denial is the law of the case with respect to this issue. See State v. McBride, 848 So.2d 287, 289-90 (Fla.2003) (noting that law of the case doctrine requires that questions of law decided on appeal must govern the case through all subsequent stages). Furthermore, there is no manifest injustice in the failure to correct an illegal sentence if the defendant is serving concurrent sentences of the same length, or if a correction has the potential of resulting in an increased term. Id. at 292. Both of these exceptions would apply to appellant.
However, in his initial brief filed in the instant appeal, appellant raises a new issue which was not raised in the instant motion, is not mentioned in the summary record provided to this court in connection with this appeal, and which he does not indicate he ever raised before at the trial court level. He claims that the judge who ruled on his postconviction motions had recused himself from his initial case, and thus orders entered by the recused judge were void. If his allegations are true, there is some authority to support his position. See Goolsby v. State, 914 So.2d 494 (Fla. 5th DCA 2005). This issue cannot be raised for the first time on appeal. We affirm but without prejudice to raising this issue in a properly filed motion.
WARNER, POLEN and HAZOURI, JJ., concur.