PER CURIAM.
Appellant, Arthur Thompson, was convicted by a jury, on July 22, 1991, of first-degree murder, burglary with assault and battery, and robbery, all arising from his uninvited entry into a trailer and killing of its resident. The trial court sentenced Thompson to life in prison as a habitual felony offender (HFO) with a 25-year mandatory minimum for the murder conviction, life in prison as a HFO for the burglary conviction, and 30 years in prison as a HFO for the robbery conviction. The sentences ran consecutively to each other. It was only the designation of appellant as a HFO that permitted the trial court to sentence him above the guidelines. See § 775.084(4)(e), Fla. Stat. (1989).
Appellant filed a rule 3.800(a) motion in the trial court seeking relief pursuant to Hale v. State, 630 So.2d 521 (Fla.1993), which held that HFO sentences cannot run consecutively to each other when the offenses occur in a single criminal episode. Under State v. Callaway, 658 So.2d 983 (Fla.1995), Hale can be applied retroactively. See also Teague v. State, 871 So.2d 301 (Fla. 1st DCA 2004) (holding that a Hale claim is cognizable in a rule 3.800(a) motion as long as the fact that multiple convictions arose from a single criminal episode is readily apparent from the face of the record). The trial court deleted the HFO designation from all three sentences and reduced the 30-year robbery sentence to 15 years, the statutory maximum sentence for a second-degree felony without enhancement. Otherwise, the sentences were unchanged.
Thompson appealed the changed sentence, arguing for a de novo resentencing hearing because the consecutive life sentence for the burglary conviction is still a sentence above the guidelines. See Brooks v. State, 937 So.2d 827, 828 (Fla. 2d DCA 2006) (finding that sentencing guidelines *729 apply to resentencing following a successful rule 3.800(a) motion, but the state has the right to seek an upward departure).
A defendant need not be present when a court simply deletes a HFO designation without otherwise changing the sentence. Catalan v. State, 911 So.2d 203 (Fla. 3d DCA 2005). In this case, however, when the trial court deleted the HFO designation, there was no justification for a sentence above the guidelines. Cf Dougherty v. State, 785 So.2d 1221,1223 (Fla. 4th DCA 2001) (stating a defendant is entitled to be present at sentencing, except in “re-sentencing cases where all that is required on remand is a ministerial act of sentence correction”). Although, a departure sentence for the burglary conviction may be justified, the trial court must give reasons for imposing a departure sentence. Because appellant’s HFO designation was improper under Hale, a de novo resentencing hearing is necessary for the court to consider whether a sentence above the guidelines is justified.

Reversed and remanded for a de novo resentencing hearing.

SHAHOOD, C.J., FARMER and KLEIN, JJ., concur.