NORTHCUTT, Chief Judge.
Rico Young filed a postconviction motion alleging ineffective assistance of his trial counsel. See Fla. R.Crim. P. 3.850. The court denied all grounds raised in his motion, some summarily, some after an evi-dentiary hearing. Young challenges many of the court’s rulings, but we find error only in the summary denial of his claim concerning counsel’s failure to argue in his motion for new trial that the weight of the evidence did not support the verdict. We reverse and remand for further proceedings on this claim; we affirm the rest of the postconviction court’s rulings without discussion.
In rejecting Young’s claim regarding the motion for new trial, the postconviction court reasoned that “counsel moved for a Motion for Judgment of Acquittal arguing that the State failed to prove a prima facie case on all counts.... ” It did not attach any portions of the record, such as the motion for new trial, the trial court’s ruling on the motion, or a transcript of the hearing held on the motion, that might conclusively demonstrate that Young was not entitled to relief. See Wilson v. State, 801 So.2d 234 (Fla. 2d DCA 2001).
A trial court may grant a motion for new trial when the weight of the evidence, though technically sufficient, does not appear to support, the jurors’ verdict. Geibel v. State, 817 So.2d 1042, 1044 (Fla. 2d DCA 2002). A motion for judgment of acquittal, on the other hand, is determined under the “sufficiency” of the evidence standard, not the “weight” of the evidence standard used in determining whether a new trial is appropriate. Id.; see also Ferebee v. State, 967 So.2d 1071, 1073 (Fla. 2d DCA 2007). The postconviction court’s discussion of a “Motion for a Judgment of Acquittal” demonstrates that it applied the wrong legal standard to Young’s claim.
We reverse the summary denial of the claim based on counsel’s alleged ineffective assistance concerning the new trial motion because the postconviction court failed to attach documents that would refute the claim and because the court applied the wrong legal standard. We remand for a reconsideration of this claim. If the record refutes Young’s claim, the court may again deny it but must attach the relevant documents. If the record does not refute the claim, the court must hold an eviden-tiary hearing.
Affirmed in part, reversed in part and remanded.
ALTENBERND and DAVIS, JJ., Concur.