997 So.2d 1166 (2008)
William SIMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1312.
District Court of Appeal of Florida, Third District.
December 10, 2008.
William Sims, in proper person.
Bill McCollum, Attorney General, and Nicholas A. Merlin, Assistant Attorney General, for appellee.
Before COPE, SHEPHERD, and LAGOA, JJ.
COPE, J.
Williams Sims appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
Defendant-appellant Sims challenges his sentence as a habitual violent felony offender ("HVFO") on count two, armed kidnapping. The judgment classifies count two as a life felony. See §§ 775.087, 787.01(2), Fla. Stat. (1995). The crime date was October 15, 1995.
The trial court denied relief because the habitual offender statute had been amended effective October 1, 1995, to allow habitualization for life felonies. See Lafleur v. State, 661 So.2d 346, 349 n. 1 (Fla. 3d DCA 1995) (citing ch. 95-182, § 2, Laws of Fla.)
Thereafter, however, the Florida Supreme Court declared chapter 95-182 unconstitutional on account of a violation of *1167 the single subject rule. State v. Thompson, 750 So.2d 643, 649 (Fla.1999). The window period for unconstitutionality was October 1, 1995, through May 24, 1997. Id. at 645. Because the defendant's crime date fell within the window period, it was not permissible for an HVFO adjudication to be imposed on count two, armed kidnapping, which is a life felony.
We therefore reverse the order now before us with respect to count two only, and remand with directions to strike the HVFO adjudication and fifteen-year mandatory minimum sentence on that count. Because the defendant is serving a concurrent life sentence as an HVFO on count one, the defendant need not be personally present for the correction of sentence on count two, but shall be represented by counsel on remand.
The defendant also challenges his HVFO sentence on count one, armed robbery. Here, too, he argues that habitualization was impermissible. However, the defendant is incorrect. The judgment reflects that the defendant was convicted of armed robbery with a firearm, which is a first-degree felony punishable by life imprisonment. § 812.13(2)(b), Fla. Stat. (1995). Adjudication as an HVFO was permissible. See id. § 775.084(4)(b)a; Burdick v. State, 594 So.2d 267, 271 (Fla. 1992). We affirm the denial of relief with regard to count one.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.