CASANUEVA, Judge.
Phillip J. Wheeler appeals the postcon-viction court order granting his motion filed under Florida Rule of Criminal Procedure 3.800(a). The State properly concedes error. We reverse the order of the postconviction court with directions for the court to vacate Wheeler’s sentence and resentence him.
On February 6, 1997, Wheeler entered an open plea of guilty to sexual battery with a deadly weapon or force, a life felony. At sentencing, the trial court designated Wheeler a habitual violent felony offender (HVFO) and sentenced him to life imprisonment with a fifteen-year mandatory minimum term. On February 2, 2012, Wheeler filed this rule 3.800(a) motion, challenging his HVFO status and the fifteen-year mandatory minimum term. The postconviction court granted Wheeler’s motion on April 9, 2013, and directed the clerk to strike his HVFO designation and *470 the mandatory minimum portion of his sentence.
The postconviction court erred by not vacating Wheeler’s sentence and resen-tencing him under the 1994 version of the sentencing guidelines. This court has explained that when a defendant committed a life felony between October 1, 1995, and May 24, 1997, and was habitualized, the sentence must be vacated and the defendant must be resentenced under the 1994 version of the sentencing guidelines. Kinsey v. State, 831 So.2d 1253, 1254 (Fla. 2d DCA 2002) (citing Heggs v. State, 759 So.2d 620 (Fla.2000)); see also Everett v. State, 770 So.2d 192, 193 (Fla. 2d DCA 2000). Because Wheeler committed the offense on or about June 27, 1996, within the Heggs window period for relief, on remand, Wheeler must be resentenced under the 1994 version of the sentencing guidelines. “In addition, as authorized by Everett, the trial court at resentencing has the discretion to impose an upward departure sentence if one or more permissible reasons are applicable.” Kinsey, 831 So.2d at 1254.
Reversed and remanded with directions.
LaROSE and CRENSHAW, JJ., Concur.