DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AL L. BURGESS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-2308

[January 6, 2016]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 97-1342 CF10A.

Al L. Burgess, Miami, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals from an order of the trial court that denied in part his motion to correct illegal sentence. He contends that he should have been granted a resentencing hearing at which he would be present and represented by counsel. The trial court's order granted the motion insofar as it struck Appellant's designation as a habitual violent felony offender for the life felonies of armed kidnapping and armed sexual battery, but denied Appellant's request for resentencing "without prejudice."[1] The latter ruling was reversible error, as a defendant is entitled to be present and represented by counsel at any resentencing proceeding from a motion

---

[1] The striking of Appellant's habitual violent felony offender designation on those counts was proper, as Appellant committed these crimes during the "window period" in which Chapter 95-182, Laws of Florida, was declared unconstitutional. *Cook v. State,* 866 So. 2d 1291 (Fla. 4th DCA 2004); *Hankerson v. State,* 765 So. 2d 982 (Fla. 4th DCA 2000); *Lewis v. State,* 764 So. 2d 874 (Fla. 4th DCA 2000); *Austin v. State,* 756 So. 2d 1080, 1081 (Fla. 4th DCA 2000).

to correct illegal sentence unless resentencing involves only a ministerial act. *Jordan v. State,* 143 So. 3d 335, 338 (Fla. 2014).

In this case, once Appellant's habitual violent felony offender designations were struck, the trial court was required to reconsider Appellant's sentences under the sentencing laws in effect at the time of his offenses. *Thompson v. State,* 987 So. 2d 727, 728 (Fla. 4th DCA 2008); *Lewis v. State,* 764 So. 2d 874 (Fla. 4th DCA 2000). A resentencing at which the trial judge has judicial discretion is not a ministerial act, and thus Appellant's presence at resentencing here is required. *Jordan,* 143 So. 3d at 339-40 (resentencing after motion to correct based on improper imposition of habitual violent felony offender designation not ministerial because trial court has discretion under sentencing guidelines applicable at the time of the defendant's offense).

Therefore, we vacate the trial court's order to the extent it denies Appellant's request for resentencing, and remand for further proceedings consistent with this opinion. On remand, the trial court is free to impose departure sentences if valid grounds for departure are proven. *Thompson,* 987 So. 2d at 729.

*Order vacated in part and remanded for further proceedings.*

GROSS, CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***