IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PATRICK HAWKINS,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4963

Opinion filed July 18, 2016.

An appeal from an order of the Circuit Court for Jefferson County.
Karen A. Gievers, Judge.

Patrick Hawkins, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

     The appellant challenges the denial of his postconviction motion seeking relief pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand.

In his motion, the appellant argues that he was improperly habitualized contrary to State v. Thompson, 750 So. 2d 643 (Fla. 1999), for a conviction of sexual battery with physical force likely to cause serious personal injury. The trial court denied this claim, concluding that Thompson did not apply.

Prior to 1995, "life felonies were not subject to habitual felony offender enhancement." James v. State, 775 So. 2d 347, 347 (Fla. 1st DCA 2000) (citing § 775.084(4)(a), Fla. Stat. (1993), and Lamont v. State, 610 So. 2d 435, 438 (Fla. 1992)). However, the 1995 amendment to the statute that made it permissible to sentence a defendant convicted of a life felony as a habitual felony offender was later deemed unconstitutional by the Florida Supreme Court. James, 775 So. 2d at 347-48 (citing Thompson, 750 So. 2d at 649). Defendants whose sentences were enhanced based upon the unconstitutional amendment and whose crimes occurred during the window period are entitled to resentencing under the laws in effect prior to the amendment. James. This window period ranges from October 1, 1995, to May 24, 1997. Salters v. State, 758 So. 2d 667, 671 (Fla. 2000).

In the instant case, the appellant's habitual felony offender sentence was imposed for a life felony that was committed on October 16, 1996. See § 794.011(3), Fla. Stat. (1995) (providing that sexual battery with physical force likely to cause serious personal injury is a life felony). Therefore it fell within the

2

window period and <u>Thompson</u> applies.  In response to this Court's <u>Toler</u>[1] order, the state suggested that the appellant's claim was untimely, as such claims were more appropriately raised pursuant to Florida Rule of Criminal Procedure 3.850. However, the weight of authority holds that such claims may properly be raised pursuant to rule 3.800(a).  <u>See</u> <u>Simmons v. State</u>, 180 So. 3d 244 (Fla. 3d DCA 2015); <u>Wheeler v. State</u>, 129 So. 3d 469 (Fla. 2d DCA 2013); <u>Ford v. State</u>, 868 So. 2d 631 (Fla. 2d DCA 2004); <u>Cook v. State</u>, 866 So. 2d 1291 (Fla. 4th DCA 2004); <u>Bines v. State</u>, 837 So. 2d 1146 (Fla. 1st DCA 2003); <u>Kinsey v. State</u>, 831 So. 2d 1253 (Fla. 2d DCA 2002); <u>Green v. State</u>, 810 So. 2d 1101 (Fla. 1st DCA 2001); <u>Lowe v. State</u>, 786 So. 2d 1194 (Fla. 2d DCA 2001); <u>Lewis v. State</u>, 764 So. 2d 874 (Fla. 4th DCA 2000); <u>Hankerson v. State</u>, 765 So. 2d 982 (Fla. 4th DCA 2000).

Accordingly, we reverse and remand for the trial court to resentence the appellant on the sexual battery count only pursuant to the valid laws in effect at the time his offenses were committed.  <u>See</u> <u>James</u>, 775 So. 2d at 348; <u>Green</u>, 810 So. 2d at 1102.  As the appellant's offense date also falls within the <u>Heggs</u>[2] window period, he should be resentenced pursuant to the 1994 sentencing guidelines.  <u>See</u> <u>Trapp v. State</u>, 760 So. 2d 924, 928 (Fla. 2008); <u>Ford</u>, 868 So. 2d at 632.  Upon resentencing, the trial court will have the discretion to impose an upward departure

---

[1] <u>Toler v. State</u>, 493 So. 2d 489 (Fla. 1st DCA 1986).
[2] <u>Heggs v. State</u>, 759 So. 2d 620 (Fla. 2000).

sentence if permissible reasons are found.  Id.

REVERSED and REMANDED for further proceedings consistent with this opinion.

BILBREY, KELSEY, and M.K. THOMAS, JJ., CONCUR.