IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOE WAYNE BELL,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3324

Opinion filed May 16, 2017.

An appeal from an order of the Circuit Court for Duval County.
Waddell A. Wallace, Judge.

Joe Wayne Bell, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      The appellant challenges the denial of his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court's

denial of grounds one, two, four, and five without comment. We also affirm the denial of ground three insofar as it pertained to the sentence imposed for the appellant's kidnapping conviction. With regard to the arguments in ground three that pertain to the appellant's sexual battery sentences, we reverse and remand.

In ground three of his motion, the appellant argued in part that the trial court improperly imposed habitual violent felony offender (HVFO) sentences as to counts II through IV for his convictions of sexual battery with the use of physical force likely to cause serious personal injury. He alleged that this offense is a life felony and the offenses in this case were alleged to have been committed on February 9, 1996, during a time when it was not permissible to impose an HVFO sentence for a life felony. The trial court denied this claim, concluding that these offenses were committed after the effective date of an amendment to the habitual offender statute that permitted the habitualization of life felonies.

Sexual battery with the use of physical force likely to cause serious personal injury is a life felony. See § 794.011(3), Fla. Stat. (1995). While it is true that the habitual offender statute was amended to apply to life felonies by chapter 95-182, Laws of Florida, effective October 1, 1995, that amendment was subsequently held to be unconstitutional. See Sims v. State, 997 So. 2d 1166, 1167 (Fla. 3d DCA 2008). The window period for its unconstitutionality ran from October 1, 1995, through May 24, 1997. Id. (citing State v. Thompson, 750 So. 2d 643, 649 (Fla.

2

1999)). The appellant's offenses were committed within that window period. Given this authority, the HVFO designation was not properly imposed as to the sexual battery convictions.

In response to this Court's Toler[1] order, the state conceded that the HVFO designation should be stricken as to these offenses, but argued that the appellant is not entitled to a resentencing hearing because the striking of the designation is a ministerial act under the circumstances of this case. However, the striking of the HVFO designation in this case is not a ministerial act because the trial court will have discretion in imposing new sentences for these counts. See Jordan v. State, 143 So. 3d 335, 339-40 (Fla. 2014) (concluding that a correction to the defendant's sentence is not a ministerial act where the trial court has discretion in imposing a new sentence); Thompson v. State, 987 So. 2d 727, 729 (Fla. 4th DCA 2008) (concluding that while a defendant's presence was not normally required for the striking of an HFO designation, in this case, "when the trial court deleted the HFO designation, there was no justification for a sentence above the guidelines"). Therefore, the appellant is entitled to be present and represented by counsel at a resentencing hearing. See Jones v. State, 61 So. 3d 1204, 1205 (Fla. 1st DCA 2011).

Accordingly, on remand, the trial court should strike the HVFO designation

---

[1] Toler v. State, 493 So. 2d 489 (Fla. 1st DCA 1986).

and fifteen-year mandatory minimum sentences as to the sexual battery counts and conduct a resentencing hearing as to these counts only. The appellant should be resentenced pursuant to the 1994 sentencing guidelines, as his offenses were committed during the time that the 1995 sentencing guidelines were deemed unconstitutional. See Hawkins v. State, 195 So. 3d 1196, 1197 (Fla. 1st DCA 2016) (citing Heggs v. State, 759 So. 2d 620 (Fla. 2000), and Trapp v. State, 760 So. 2d 924 (Fla. 2008)). The trial court will have discretion to impose upward departure sentences for these offenses if it provides written reasons. Id. See also Wheeler v. State, 129 So. 3d 469, 469 (Fla. 2d DCA 2014).

AFFIRMED in part, REVERSED, and REMANDED in part for further proceedings consistent with this opinion.

ROBERTS, C.J., MAKAR, and JAY, JJ., CONCUR.