DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHARROD CHRISTOPHER DUNSTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0670

[March 4, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Daliah H. Weiss, Judge; L.T. Case Nos. 50-2012-CF-005946-BXXXMB; 50-2012-CF-008040-AXXXMB; and 50-2012-CF-008688-AXXXMB.

Sharrod Christopher Dunston, Wewahitchka, pro se.

James Uthmeier, Attorney General, Tallahassee, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

After the appellant's youthful offender probation term was revoked for substantive violations, he was sentenced to a prison term, but the sentencing court retained the youthful offender designation based solely on case law erroneously holding that a youthful offender designation must be retained even after probation is revoked and an adult sanction is imposed. Subsequently, in the wake of a Florida Supreme Court opinion clarifying the issue, our courts have recognized that "a defendant is not entitled to retain his youthful offender status after his violation of probation and adult sentencing." *Kendall v. State*, 262 So. 3d 824, 825 (Fla. 4th DCA 2019) (citing *Eustache v. State*, 248 So. 3d 1097, 1102 (Fla. 2018)). Some years later, the appellant moved to correct an illegal sentence, claiming his prison sentence was illegal because the court retained his youthful offender designation yet exceeded the youthful offender maximum permissible sentence. The lower court granted the motion "insofar as the youthful offender designation must be stricken from Defendant's sentence," and at a sentencing hearing where the appellant

was present, it struck the youthful offender designation but otherwise retained the sentence. On appeal, the appellant raises several purported errors, all of which lack merit, and we affirm.

First, under the circumstances of this case, where the resentencing was for the ministerial purpose of striking the youthful offender designation, the appellant was not entitled to representation. *See Burgess v. State*, 182 So. 3d 841, 842 (Fla. 4th DCA 2016) ("[A] defendant is entitled to be present and represented by counsel at any resentencing proceeding from a motion to correct illegal sentence unless resentencing involves only a ministerial act."); *Thompson v. State*, 987 So. 2d 727, 729 (Fla. 4th DCA 2008) ("A defendant need not be present when a court simply deletes a HFO designation without otherwise changing the sentence."). This is not a case like *Burgess* where upon striking of a designation, the sentencing court was required to reconsider the sentences under the sentencing laws in effect at the time of the offenses. Here, the original sentencing court already did that and it imposed an adult sanction. The imposition of the youthful offender designation was based purely on a reliance on the erroneous case law.

Next, we reject the appellant's double jeopardy argument. The argument is not adequately briefed where the appellant merely requested this court to "explain[,] if it can, why striking the youthful offender status would not violate double jeopardy principles." *See Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010) ("Claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived.").

Finally, to the extent the appellant attempts to make an ex post facto argument, the record does not reflect such an argument was preserved. Additionally, he seems to rely on the removal of the youthful offender designation based on a change in the case law. This does not implicate ex post facto protections. *See Marks v. United States*, 430 U.S. 188, 191 (1977) (recognizing that the "Ex Post Facto Clause is a limitation upon the powers of the Legislature . . . and does not of its own force apply to the Judicial Branch of government"). Further, any potential due process argument lacks merit, as the supreme court's clarification of the issue of retention of youthful offender designation after probation revocation was foreseeable based on the plain language of the applicable statute. *See Eustache*, 248 So. 3d at 1100-02.

*Affirmed.*

CIKLIN, LEVINE and SHAW, JJ., concur.

*      *      *

*Not final until disposition of timely-filed motion for rehearing.*