JOANOS, Chief Judge.
Appellant, Larry Clifford Angle, appeals his sentence in excess of the recommended guidelines sentencing range, imposed upon his pleas of nolo contendere in two cases charging lewd and lascivious assault upon a child under sixteen years of age. Appellant contends neither of the reasons provided by the trial court constitute valid reasons for departure. We agree, and reverse and remand for resentencing.
In circuit court case number 89-513, appellant was charged with two counts of lewd and lascivious assault upon two children under the age of sixteen, in violation of section 800.04, Florida Statutes. From November 1989 until March 1990, prior to disposition of the charges, appellant was determined to be incompetent and was hospitalized at Florida State Hospital. Subsequently, he was determined to be competent, and on August 8, 1990, he pled nolo *35 contendere to the charges in case number 89-513.
In circuit court case number 91-715, appellant was charged with one count of lewd and lascivious assault upon a child under the age of sixteen, in violation of section 800.04, Florida Statutes. On October 17, 1991, appellant signed an acknowledgment of his rights, and pled nolo contendere to the charge in case number 91-715. The acknowledgment specified appellant’s understanding that the trial court might deviate from the recommended guidelines sentence upon written justification, and provided, among other things, that the state would recommend a nine-year sentence in the 1991 case, to run concurrently with any sentence imposed in the 1989 case.
At sentencing, appellant’s counsel requested imposition of a sentence within the recommended guidelines range of five to seven and one-half years. The state recommended a sentence up to the permitted range of nine years. The trial court rejected both recommendations and imposed consecutive sentences on each count, for a total sentence of twenty-five years. As justification for deviation from the guidelines, the trial court provided two written reasons: (1) appellant is a menace to society, as indicated by his commission of the second offense of lewd and lascivious act upon a child while awaiting sentence in the 1989 case for two counts of the same offense; and (2) appellant’s actions indicated a continuing and escalating pattern of criminal activity.
The supreme court has held that a determination that a criminal defendant poses a danger to the community is not a clear and convincing reason for departure from the sentencing guidelines. This is because it is the “proscribed conduct which subjects the actor to criminal sanctions [that] is presumed to be dangerous to the community.” Keys v. State, 500 So.2d 134, 136 (Fla.1986). See also Koleta v. State, 592 So.2d 1267, 1269 (Fla. 2d DCA 1992); Hayes v. State, 564 So.2d 161, 165 (Fla. 2d DCA 1990).
Authority for a guidelines departure sentence based on an escalating pattern of criminal conduct is set forth in section 921.-001(8), Florida Statutes (1989), which provides:
(8) A trial court may impose a sentence outside the guidelines when credible facts proven by a preponderance of the evidence demonstrate that the defendant’s prior record, including offenses for which adjudication was withheld, and the current criminal offense for which the defendant is being sentenced indicate an escalating pattern of criminal conduct. The escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes or a progression of increasingly violent crimes. (Emphasis supplied.)
In Barfield v. State, 594 So.2d 259, 261 (Fla.1992), the supreme court set out the test for determining an “escalating pattern of criminal conduct” thusly:
[T]he “escalating pattern” recognized by section 921.001(8) as a valid basis for departure can be demonstrated in three ways: 1) a progression from nonviolent to violent crimes; 2) a progression of increasingly violent crimes; or 3) a pattern of increasingly serious criminal activity. Under this third category, “increasingly serious criminal activity” is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant’s previous offenses.
See also Gordon v. State, 594 So.2d 262 (Fla.1992) (“the temporal proximity of crimes can be a valid basis for departure from the sentencing guidelines if indicative of an escalating pattern of criminal conduct.”)
The record in this case reflects that appellant’s crimes do not fall within any of the section 921.001(8) categories, as explicated in Barfield. That is, appellant’s offenses do not constitute either a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity. The 1991 charge did not in *36 volve an increase either in the degree of crime or the sentence which could be imposed. Rather, appellant was charged on all three counts (in two separate cases) with a violation of the same criminal statute. Indeed, the state concedes that under the test enunciated in Barfield, appellant’s criminal conduct cannot be said to constitute an escalating pattern of criminal activity.
Accordingly, we reverse the departure sentence imposed in this case, and remand for resentencing within the guidelines.
SHIVERS and WIGGINTON, JJ., concur.