925 So.2d 1163 (2006)
Daniel DONOHUE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-266.
District Court of Appeal of Florida, Fourth District.
April 26, 2006.
*1164 Richard L. Rosenbaum of the Law Offices of Richard Rosenbaum, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Daniel Donohue appeals his judgment of conviction and sentence for indecent assault. We affirm appellant's judgment of conviction, but remand for re-sentencing, because the aggravating circumstances used to upwardly depart from appellant's guidelines sentence were not determined by the jury or admitted by appellant, as required by Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
After a jury found appellant guilty of indecent assault on a child, the state moved to aggravate appellant's sentence pursuant to section 921.0016(3)(j), Florida Statutes. The state based its motion on the five year-old victim's vulnerability due to age and a mental disability, autism. The trial court granted the state's motion for upward departure, finding "specifically, that [victim], because of his age and because of his severe emotional state as a result of his mental condition, was a vulnerable child." The court sentenced appellant to the statutory maximum prison term of fifteen years, which exceeded the sentencing guidelines range of 36.6 to 61 months. Appellant argues that the trial court improperly enhanced his sentence upon factors that were not alleged in the charging document nor established by a jury beyond a reasonable doubt.
In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court, in Blakely, 542 U.S. at 303, 124 S.Ct. 2531, defined the statutory maximum as "the maximum [the trial judge] may impose without any additional findings" beyond those "reflected in the jury verdict or admitted by the defendant." In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 *1165 (2005), the Court reaffirmed the application of Apprendi's principles to guidelines sentencing schemes. There, the Court held that imposing a sentence under the federal sentencing guidelines based on "additional facts that the sentencing judge found by a preponderance of the evidence" violated the Sixth Amendment. Id. at 226, 125 S.Ct. 738. Under the Supreme Court's interpretation of the Sixth Amendment, other than a defendant's prior convictions, the aggravating circumstances relied upon to exceed the maximum guidelines sentence must be based on (1) findings made by the jury or (2) facts admitted by the defendant.
Recently, in a second degree murder case, Maglio v. State, 918 So.2d 369, 376 (Fla. 4th DCA 2005), we cited Apprendi, Blakely, and Booker in holding that the trial court improperly imposed an upward departure sentence based on the "heinous nature of the crime," because "the facts supporting that factor were neither admitted by Maglio nor found by a jury." We upheld the sentence, however, because we determined that a second aggravating factor relied upon by the court, extraordinary physical trauma, was found by the jury when it returned a verdict of "guilty of Second Degree Murder as charged in the Information." Id. We reasoned that "[a]lthough the jury was not provided the opportunity to check a box on the verdict form stating `extraordinary physical trauma,' the factual finding that was necessarily made by the jury is sufficient to support the conclusion that the jury found that Maglio caused `extraordinary physical trauma' to the victim by striking him about the head with a blunt instrument to cause his death." Id.
In finding no Sixth Amendment violation, we applied the first district's analysis in Hunter v. State, 828 So.2d 1038, 1039 (Fla. 1st DCA 2002). In Hunter, the defendant challenged enhancement of his sentence from a first degree felony to a life felony based on the use of a firearm during commission of the crime. The defendant was charged by information with attempted first degree murder with a firearm. The information specifically alleged that he attempted to kill the victim by shooting him with a pistol and that he carried or possessed a firearm while committing the crime. The court held that the defendant's enhanced sentence was proper under Apprendi, because when the jury found the defendant guilty of attempted first degree murder as charged, "it necessarily found beyond a reasonable doubt that he had used a gun during this crime." Id. at 1040. The court stated that "[w]here the information alleges that the crime was committed with a firearm and the jury finds that the defendant committed the crime as charged, the jury has necessarily found use of a firearm." Id. at 1039.
In this case, the information charged appellant with indecent assault on a child under the age of sixteen years. It did not allege any facts showing that the child was "especially vulnerable" due to his very young age and mental condition. Consequently, the jury verdict, which was simply "guilty as charged in the information," did not reflect a finding concerning vulnerability of the victim. We thus cannot conclude that the departure sentence was based on findings made by the jury.
Indeed, the state does not argue that the departure sentence imposed in this case was based on facts found by the jury. Instead, the state argues that Apprendi or Blakely requirements were met because appellant "admitted" to these aggravating factors at trial. To support its argument that appellant admitted to these vulnerability factors, the state cites numerous instances in the record where appellant's trial counsel referred to, or acknowledged, *1166 the victim's age and autism: during pre-trial hearings (when counsel sought to depose child witnesses), opening statements, cross-examination of the state's witnesses, direct examination of his own witness, and closing argument. However, these comments by defense counsel during trial did not constitute an "admission" by appellant. "It is, of course, fundamental that representations by counsel, absent a stipulation, when not made under oath and subject to cross-examination, are not evidence." Sloan v. Sloan, 393 So.2d 642, 644 (Fla. 4th DCA 1981); see also Parkerson v. Nanton, 876 So.2d 1228, 1229-30 (Fla. 1st DCA 2004) (affirming denial of motion for directed verdict and noting that statements by defendants' counsel in opening and closing argument did not constitute judicial admissions as to permanency of plaintiff's post-traumatic stress disorder); Fla. Std. Jury Instr. (Crim.) 2.1 ("What the lawyers say is not evidence, and you are not to consider it as such.").
The state further argues that the departure sentence should be upheld because there was no dispute as to the victim's age and mental disability. Without question, the evidence in this case established that the victim's young age and autism made him especially vulnerable to the defendant's sexual assault. For this reason, an upward departure from the sentencing guidelines was justified. See Capers v. State, 678 So.2d 330 (Fla.1996) (holding that vulnerability of victim due to age justifies departure from sentencing guidelines for offenses committed after January 1, 1994, even if victim's age is an element of the offense); Greene v. State, 714 So.2d 554 (Fla. 2d DCA 1998) (holding that upward departure from sentencing guidelines was warranted by ages of victims).
But, for Sixth Amendment purposes, the jury's verdict needed to reflect this finding of vulnerability to support the departure sentence. Blakely, 542 U.S. at 303-04, 124 S.Ct. 2531; Behl v. State, 898 So.2d 217, 221 (Fla. 2d DCA 2005) (holding that assessment of victim injury points for sex penetration in sentencing defendant convicted of sexual battery violated defendant's Sixth Amendment rights where jury's guilty verdict did not embody factual determination by jury that the sexual battery had involved sex penetration); see also Bundrage v. State, 814 So.2d 1133, 1135 (Fla. 2d DCA 2002) ("Even if the facts presented to the jury would only support an actual possession theory, the supreme court's decision in [State v.] Overfelt [, 457 So.2d 1385 (Fla.1984),] and its progeny require a jury finding of actual possession to justify imposition of the ... mandatory minimum sentence.").
In sum, because the facts supporting vulnerability of the victim were neither admitted by appellant nor found by a jury, the trial court erred in imposing an upward departure sentence. Accordingly, we reverse the sentence and remand this case for re-sentencing consistent with this opinion.
Reversed and Remanded.
POLEN and SHAHOOD, JJ., concur.