954 So.2d 101 (2007)
Tarus Edward HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-470.
District Court of Appeal of Florida, Second District.
April 25, 2007.
*102 James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Tarus Harvey was convicted of robbery on July 2, 1999, and sentenced as a prison releasee reoffender (PRR), see § 775.082, Fla. Stat. (Supp.1998), to fifteen years in prison. The information charging Mr. Harvey with robbery had been amended from grand theft because Mr. Harvey and a codefendant allegedly used force to steal gold necklaces from a victim Mr. Harvey claimed owed him money. The victim appeared at the 1999 sentencing hearing and urged the court to exercise leniency by refraining from imposing a PRR sentence. In spite of the victim's wishes and over the protestations of the defense attorney that the force used in the robbery was minimal, the court designated Mr. Harvey as a PRR and accordingly sentenced him to a fifteen-year minimum mandatory prison term.
Some years after the original appeal from the judgment and sentence was affirmed on other grounds, Mr. Harvey filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), contending that his PRR sentence was illegal because the robbery had not been committed within three years after his release from supervision. In March 2005, the trial court granted the motion, vacated the sentence, and ordered resentencing, which finally occurred on January 6, 2006, after several continuances and hearings. The trial court then reimposed the fifteen-year term by departing from the guidelines recommendation of 13.4 to 16.7 months in state prison, citing as grounds the defendant's criminal history and escalation from nonviolent to violent crimes.
When it became apparent that the State intended to seek a guidelines departure sentence, the defense first focused on the applicability of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and argued that a jury, not the judge, was required to find that the defendant's offense was part of an escalating pattern of criminal conduct. The judge rejected the Apprendi argument. We note that the defendant's conviction became final when his original appeal was affirmed and this court's mandate issued on April 3, 2000, over two months before *103 the June 26, 2000, decision in Apprendi. Thus, Apprendi is potentially applicable only if given retroactive effect. See Cutts v. State, 940 So.2d 1246 (Fla. 2d DCA 2006); Barron v. State, 931 So.2d 929 (Fla. 2d DCA 2006). Recently, the Florida Supreme Court declined to decide the retroactivity issue in Galindez v. State, No. SC05-1341, ___ So.2d ___, 2007 WL 471164 (Fla. Feb. 15, 2007), and employed a harmful error analysis for the specific situation addressed in that case. Here, however, we need not decide whether Apprendi retroactively applies to Mr. Harvey's case because we conclude that the trial court abused its discretion when it sentenced the defendant to a guidelines departure sentence.
Because the defense demanded proof of the prior offenses that would demonstrate an escalating pattern, the State presented certified copies of judgments and sentences in six cases. Little or no explanation of the timing of the offenses was forthcoming. Two of the offenses were sales of cocaine, second-degree felonies, for which Mr. Harvey was sentenced in January 1992. Sentencing in the other four cases occurred on July 2, 1999, the date of the original sentencing for the robbery in this case. Three of those judgments and sentences reflected higher case numbers than this robbery, suggesting but not proving that those offenses were committed after the robbery. They included two cocaine possessions, a trespass on land, and introduction of contraband into a detention facility, all third-degree felonies or lower. Only one judgment and sentence carried a lower trial court case number than this one, suggesting but not proving that the offenses were committed or at least charged prior to the robbery. Those crimes included possession of cocaine, a third-degree felony, and resisting an officer without violence, a first-degree misdemeanor.
In State v. Darrisaw, 660 So.2d 269, 271 (Fla.1995), the Florida Supreme Court addressed the requirements for departing from the guidelines on the basis of escalating pattern of criminal conduct:
Section 921.001(8) speaks in terms of both an increase in the offenses ("escalating") and some recurring feature of the offenses ("pattern"). If the offenses meet the definition of "escalating," then the "pattern" requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses. Such an interpretation of the statute is consistent with the purpose and intent of the sentencing guidelines. . . .
In Darrisaw, the supreme court concluded that the defendant's offenses escalated because they increased from nonviolent to violent and from misdemeanors to felonies. However, the court held that no pattern was established because the crimes "were neither temporally related nor similar in nature." Id.
The sale of cocaine offenses and the robbery in this case are second-degree felonies, so the crimes did not escalate in degree, although the trial court did make a finding that the robbery was a violent crime. Nevertheless, the 1992 offenses were too remote and the temporal relationship of the other offenses to this charge was not clearly established. Nor can it be said that the crimes were similar in nature. See, e.g., Lorenzana v. State, 685 So.2d 978 (Fla. 4th DCA 1997). The State's proof failed to establish a pattern of escalating criminal conduct, and the trial court abused its discretion in so finding.
Accordingly, we vacate Mr. Harvey's sentence and remand for resentencing within the guidelines. Because Mr. Harvey has already served over seven years *104 for this offense, the trial court must order his release.
ALTENBERND and SALCINES, JJ., Concur.