979 So.2d 1058 (2008)
Daniel P. DONOHUE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-518.
District Court of Appeal of Florida, Fourth District.
March 26, 2008.
Rehearing Denied May 19, 2008.
Richard L. Rosenbaum of the Law Offices of Richard Rosenbaum, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Daniel Donohue appeals his judgment of conviction and sentence for indecent assault on a child under the age of sixteen. We affirm the conviction, finding no abuse *1059 of discretion in the admission of Williams[1] rule evidence or the denial of appellant's motion for mistrial based on closing remarks by the state. We also affirm appellant's sentence, but write to address his argument that his sentence must be reversed based on Donohue v. State (Donohue I), 925 So.2d 1163 (Fla. 4th DCA 2006), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
In Donohue I, appellant was convicted of indecent assault on a different victim. There, the trial court imposed an upward departure sentence after determining that the victim, an autistic child, was especially vulnerable. We remanded the case for re-sentencing because this aggravating circumstance was not determined by the jury or admitted by appellant, as required by Blakely and Apprendi.
Appellant argues that Donohue I and this case are indistinguishable. The state responds that this case is different because here, unlike in Donohue I, appellant took the stand and admitted to the aggravating factual circumstances, i.e., the victim's vulnerability. The state argues that his admission to the facts in issue obviated the need for a jury determination. See Blakely, 542 U.S. at 303, 124 S.Ct. 2531.
In Donohue I, just as in this case, the state moved to aggravate the defendant's sentence pursuant to section 921.0016(3)(j), Florida Statutes, asserting the victim's vulnerability due to young age and autism. 925 So.2d at 1164. We remanded for re-sentencing, stating:
In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United State Supreme Court held: `Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' The Supreme Court, in Blakely, 542 U.S. at 303, 124 S.Ct. 2531, defined the statutory maximum as `the maximum [the trial judge] may impose without any additional findings' beyond those `reflected in the jury verdict or admitted by the defendant.' In United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Court reaffirmed the application of Apprendi's principles to guidelines sentencing schemes. There, the Court held that imposing a sentence under the federal sentencing guidelines based on `additional facts that the sentencing judge found by a preponderance of the evidence' violated the Sixth Amendment. Id. at 226, 125 S.Ct. 738. Under the Supreme Court's interpretation of the Sixth Amendment, other than a defendant's prior convictions, the aggravating circumstances relied upon to exceed the maximum guidelines sentence must be based on (1) findings made by the jury or (2) facts admitted by the defendant.
Id. at 1164-65.
The Florida Supreme Court explained in Galindez v. State, 955 So.2d 517, 523 n. 2 (Fla.2007), that Blakely contemplated facts "admitted by the defendant" to mean facts the defendant admitted in a guilty plea, at sentencing, or in a stipulation at trial, or judicial findings to which the defendant assented. Because appellant's trial testimony does not fall within any of these categories, we do not find that it constitutes an admission by appellant regarding the victim's vulnerability. Thus, the trial court committed error by enhancing appellant's sentence above the guidelines without a specific finding by the jury. Blakely, 542 U.S. at 303, 124 S.Ct. 2531.
*1060 We conclude, however, that the error was harmless. In Galindez, the supreme court noted that a harmless error analysis applies to Apprendi/Blakely error. 955 So.2d at 522-23 (discussing Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006)). The court stated that the test is "whether the record demonstrates beyond a reasonable doubt that a rational jury would have found [the fact at issue]." Id. at 523. In this case, appellant testified that he volunteered at a school for autistic children to try to help the children and alleviate his own feelings of guilt about his prior acts of child molestation. Appellant said that he knew the victim was autistic and that he had observed his strange mannerisms and behavior. Other witnesses similarly attested to the victim's age and autism. In sum, there was "clear and uncontested record evidence" of the victim's young age and vulnerability. Any error in this case was thus harmless beyond a reasonable doubt. See Galindez, 955 So.2d at 524. Accordingly, we affirm the judgment of conviction and sentence.
Affirmed.
STONE and STEVENSON, JJ., concur.
NOTES
[1] Williams v. State, 110 So.2d 654 (Fla.1959).