989 So.2d 1217 (2008)
Lemuel ISAAC, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-6179.
District Court of Appeal of Florida, First District.
September 4, 2008.
*1218 Lemuel Isaac, pro se, Appellant.
Bill McCollum, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the denial of his rule 3.850 motion which asserted the trial court's imposition of a departure sentence, based upon a finding that appellant's prior convictions indicated an escalating pattern of criminal activity, violated the tenets of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as clarified by Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We find that, if any error occurred, it was harmless.
In Galindez v. State, 955 So.2d 517 (Fla.2007), the supreme court held that a sentence enhancement determined by a court, rather than a jury, would constitute harmless error if the record indicated that no reasonable jury would have returned a different verdict. See id. at 524.
Applying Galindez to this case, the record establishes that no reasonable jury would have found that appellant's prior convictions did not constitute an escalating pattern of criminal activity; thus, the order on appeal is affirmed.
The statutory parameters providing for sentence enhancement due to an escalating pattern of criminal activity are established in section 921.001(8), Florida Statutes (1995), which states:
A sentence may be imposed outside the guidelines based on credible facts, proven by a preponderance of the evidence, which demonstrate that the defendant's prior record, including offenses for which adjudication was withheld and the current criminal offense for which the defendant is being sentenced, indicate an escalating pattern of criminal conduct. The escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.
In Barfield v. State, 594 So.2d 259 (Fla.1992), the supreme court set forth the test to determine such a pattern. See Angle v. State, 604 So.2d 34, 35 (Fla. 1st DCA 1992) (discussing Barfield). Barfield tracks the "escalating pattern" language of section 921.001(8). This court in Angle noted that a pattern of "`increasingly serious criminal activity' is indicated when the current charge involves an increase in either the degree of crime or the sentence which may be imposed, when compared with the defendant's previous offenses." Angle, 604 So.2d at 35. Moreover, "[t]he escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes or a progression of increasingly violent crimes." Id. The Second District has determined that the "`pattern' requirement can be satisfied either where the offenses are committed in temporal proximity or where there is a similarity of offenses." Harvey v. State, 954 So.2d 101, 103 (Fla. 2d DCA 2007) (emphasis in original) (quoting State v. Darrisaw, 660 So.2d 269, 271 (Fla. 1995)).
In the instant case, appellant's criminal record began in 1992 with a conviction for resisting an officer without violence (first-degree misdemeanor), which was followed in 1993 by convictions of petit theft (second-degree misdemeanor), retail theft (appears to be a second-degree misdemeanor, see Emshwiller v. State, 443 So.2d 343 *1219 (Fla. 2d DCA 1983)), and resisting an officer with violence (third-degree felony), a 1994 conviction for battery (first-degree misdemeanor), and, in 1995, four convictions for armed robbery with a firearm (first-degree felonies), three convictions of false imprisonment by use of a firearm (first-degree felonies), three more convictions of armed robbery with a firearm (first-degree felonies), and one count of resisting an officer without violence (first-degree misdemeanor). Section 921.001(8) permits the court to consider the convictions underlying the instant sentence which consist of two counts of armed robbery with a firearm (first-degree felonies), kidnaping to facilitate a felony with a firearm (first-degree felony), and burglary of a dwelling while armed (first-degree felony).
Applying section 921.001(8) and controlling case law to appellant's prior convictions, we conclude that any potential error arising from the trial court's failure to have a jury determine whether appellant's convictions indicate an escalating pattern of criminal conduct is harmless. See Galindez, 955 So.2d at 517; Barfield, 594 So.2d at 259; Angle, 604 So.2d at 34. Appellant's convictions began with misdemeanors and, over the course of two to three years, escalated to a considerable number of first-degree felonies involving violent crimes and, notably, the use of firearms. Compare Lippman v. State, 602 So.2d 647 (Fla. 2d DCA 1992) (finding an escalating pattern of criminal activity where Lippman's convictions ranged from drug misdemeanors to third and then second-degree felonies of possession and then escalated to sale of cocaine), with Harvey v. State, 954 So.2d 101 (Fla. 2d DCA 2007) (1992 convictions for sale of cocaine, followed by conviction in the late 1990s for possession of cocaine, trespass, introduction of contraband, and resisting an officer without violence and robbery were too remote in time from each other to establish a pattern, or the time period was inadequately established). Therefore, because it is apparent that any reasonable jury would have found that appellant's convictions indicate, beyond a reasonable doubt, a progression of increasingly violent crimes constituting an escalating pattern of criminal activity, we affirm.
BROWNING, C.J., WOLF and WEBSTER, JJ., concur.