CLARK, J.
Eugene Ross appeals his most recent sentence in State v. Ross, No.1983 CF 10711 (Fla. 4th Cir. Ct., Duval County), challenging the trial court’s upward departure based upon the court’s finding of an escalating pattern of criminal conduct. Because we find no error in the upward departure sentence as supported by the written reason articulated by the trial court, the sentence on appeal is affirmed.
After jury trial in 1984, Appellant was convicted as charged of kidnapping with use of a weapon (count 1), attempted sexual battery with use of a weapon (count 2), attempted murder in the first degree with use of a weapon (count 3), and attempted robbery with use of a weapon (count 4). The victim was Ross’ 12-yr.-old niece and the attack took place in her home as she was getting ready for school early on the morning of December 9,1983.
The original sentence was entered by the trial court with reference to the sentencing guidelines promulgated by the Florida Supreme Court in rule 3.701, Florida Rules of Criminal Procedure, which indicated a sentencing range of 22-27 years. The trial court elected to depart upward and on June 20, 1984 the trial court sentenced Appellant to the statutory maximum sentences of life for count 1; 30 years for count 2; life for count 3; and 15 years for count 4, all concurrent. The sentence was affirmed on direct appeal, though this court found two of the six reasons for the upward departure invalid. Ross v. State, 478 So.2d 480 (Fla. 1st DCA 1985). Subsequently, this court affirmed two denials of Appellant’s motions to correct illegal sentence under rule 3.800, each challenging the upward departure sentence on different grounds. Ross v. State, 795 So.2d 64 (Fla. 1st DCA 2001); Ross v. State, 951 So.2d 836 (Fla. 1st DCA 2007).
*299 Appellant’s third motion under rule 3.800 to correct the upward departure sentence raised a new ground, that Appellant was entitled to resentencing pursuant to the opinion in Smith v. State, 537 So.2d 982 (Fla.1989). Ultimately, based on this rule 3.800 proceeding, the trial court re-sentenced Appellant on August 2, 2011, after a hearing where Appellant was represented by counsel. Appellant clearly and affirmatively elected, on the record, to be sentenced under the 1983 sentencing guidelines. The applicable scoresheet indicated a recommended sentence of 22-27 years. The court found that Appellant’s previous conviction for rape, to which Appellant stipulated and admitted at the hearing, considered with the convictions in this case, “indicate an escalating pattern of criminal conduct” justifying an upward departure. The court then resentenced Appellant to concurrent statutory maximum sentences: life for count 1; 30 years for count 2; life for count 3, and 15 years for count 4. In its written statement of reasons for departure from sentencing guidelines, the trial court referred to Barfield v. State, 594 So.2d 259 (Fla.1992), where the court held that one indicator of “increasingly serious criminal activity” is “when the current charge involves either an increase in the degree or crime or the sentence which may be imposed, when compared with the defendant’s previous offenses.”
The upward departure sentence on appeal did not violate Appellant’s 6th Amendment right to jury findings of fact to support the reason for upward departure, as described in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). During the resen-tencing proceedings, Appellant stipulated and admitted to his prior conviction for rape and, despite his conviction and sentence in that case, described his conduct in the incident as that of a mere bystander among multiple defendants. He further stated that he had assisted the victim to leave the scene of that crime. In contrast, Appellant asserted no less-culpable behavior in connection with his subsequent conviction for the four felonies in this case, including the forcible attempted sex crime and attempted murder committed by repeatedly stabbing his young niece’s neck. He expressed remorse and explained that his actions were influenced by intoxicants, but he did not deny the actions for which he was convicted by the jury.
Because the trial court based its finding of an escalating pattern of criminal behavior on the fact of the prior conviction and the facts admitted by the defendant pertaining to both the previous conviction and the convictions in this case, the upward departure sentence on appeal comported with Blakely v. Washington and Appellant’s 6th Amendment rights. See State v. Fleming, 61 So.3d 399, 408 (Fla.2011) (“except for the fact of a prior conviction, a judge may impose sentence based solely on the facts reflected in a jury verdict or admitted by the defendant.” (emphasis added)). Even if there were any error, this court has ruled that “any potential error arising from the trial court’s failure to have a jury determine whether appellant’s convictions indicate an escalating pattern of criminal conduct is harmless” where “it is apparent that any reasonable jury would have found that appellant’s convictions indicate, beyond a reasonable doubt, a progression of increasingly violent crimes constituting an escalating pattern of criminal activity.” Isaac v. State, 989 So.2d 1217, 1219 (Fla. 1st DCA 2008), rev. dism., State v. Isaac, 66 So.3d 912 (Fla.2011), cert den., Florida v. Isaac, — U.S. —, 132 S.Ct. 1539, 182 L.Ed.2d 161 (2012).
We have considered Appellant’s other points on appeal and conclude that the *300 arguments fail to establish reversible error in the upward departure sentence entered August 2, 2011.
Accordingly, the sentence on appeal is affirmed.
DAVIS and ROWE, JJ., concur.