# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1018
Lower Tribunal No. 97-4270
_____

**Mister David Simmons,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Rodney Smith, Judge.

Mister David Simmons, in proper person.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before ROTHENBERG, SALTER, and LOGUE, JJ.

ROTHENBERG, Judge.

The defendant, Mister David Simmons, appeals an order summarily denying

his motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a), challenging the imposition of the habitual offender enhancement for the offense of second degree murder with a firearm based on State v. Thompson, 750 So. 2d 643 (Fla. 1999). On appeal from a summary denial, this Court must reverse unless the postconviction record, see Fla. R. App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(D).

Because the record now before us fails to make the required showing, we reverse the order and remand for further proceedings. If the trial court again enters an order summarily denying the postconviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.

We note that the State in its response filed in this Court has asserted that the defendant was convicted of a life felony, and therefore, he would "not be eligible for a habitual offender enhancement **if** he falls within the window period between October 1, 1995 and May 24, 1997." (emphasis added). See Kinsey v. State, 831So. 2d 1253, 1254 (Fla. 2d DCA 2002) ("The imposition of a habitual felony offender sentence for a life felony can be challenged under the authority of Thompson if the life felony was committed between October 1, 1995, and May 24, 1997."). Rather than confirming the date of the offense, the State merely acknowledged that the defendant claimed in his rule 3.800(a) motion that the

second degree murder with a firearm occurred on January 30, 1997, within the window period. At this point, we do not have any record evidence before this Court as to the date the offense occurred, but note that briefs filed before this Court almost fifteen years ago in case number 3D00-1507 indicate that the offense occurred on January 30, 1997.[1] Thus, it appears that the defendant's motion may be well-taken. We, therefore, encourage the trial court to address the merits of the defendant's postconviction motion expeditiously on remand.

Reversed and remanded for further proceedings.

---

[1] If the defendant committed this offense on January 30, 1997, and the State concedes that under Thompson the enhancement of the defendant's second degree murder with a firearm conviction would be illegal if committed on this date, the State should have confessed error at the trial court level, provided the date in its response to this Court, and confessed error on appeal.