# Third District Court of Appeal

## State of Florida

Opinion filed February 13, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-832
Lower Tribunal No. 97-4270
_____

**Mister Simmons,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.

Before LOGUE and MILLER, JJ., and SUAREZ, Senior Judge.

SUAREZ, Senior Judge.

Mister Simmons ("Simmons") appeals from a fifty year upward departure sentence imposed upon resentencing pursuant to State v. Thompson, 750 So. 2d 643 (Fla. 1999). For the following reasons, we affirm the trial court's imposition of a departure sentence but remand for the trial court to reduce Simmons's sentence from fifty years to forty years.

I. FACTUAL AND PROCEDURAL HISTORY

Simmons was convicted of second degree murder with a firearm and possession of a firearm with a removed serial number. The crimes were committed on January 30, 1997. On April 26, 2000, the trial court sentenced Simmons to a term of natural life in prison as a habitual felony offender.

In December 2014, Simmons filed a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), arguing that his habitual offender sentence for second degree murder, which is a life felony, was invalid under State v. Thompson, 750 So. 2d 643 (Fla. 1999). The trial court denied the motion, and Simmons appealed. This Court reversed and remanded for further proceedings, as the postconviction record failed to show conclusively that Simmons was entitled to no relief. Simmons v. State, 180 So. 3d 244, 245 (Fla. 3d DCA 2015). This Court noted that Simmons's motion "may be well-taken" if he committed the offense on January 30, 1997, within the "window" for a Thompson error. Id.

2

On remand, the trial court resentenced Simmons under the 1994 version of the sentencing guidelines. The guidelines scoresheet indicated a permissible range of between 191 months and 318.875 months. The trial court sentenced Simmons to an upward departure sentence of fifty years, finding that Simmons engaged in an escalating pattern of criminal conduct. The trial court entered a written order, finding "that there is a reasonable justification for upward departure from the sentencing guidelines." Specifically, the trial court stated as follows:

> In accordance with Florida Statutes section 921.001(1), the Court finds beyond a reasonable doubt that the defendant's prior convictions justify an upward departure from the sentencing guidelines. Specifically, this Court finds that the Defendant's prior convictions prove beyond and to the exclusion of every reasonable doubt that the Defendant engaged in an escalating course of conduct as described in 921.001(8),[1] and that he is not amenable to rehabilitation or supervision.

---

[1] Section 921.001(8), Florida Statutes (1993), provides as follows:

> (8) A sentence may be imposed outside the guidelines based on credible facts, proven by a preponderance of the evidence, which demonstrate that the defendant's prior record, including offenses for which adjudication was withheld and the current criminal offense for which the defendant is being sentenced, indicate an escalating pattern of criminal conduct. The escalating pattern of criminal conduct may be evidenced by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.

§921.001(8), Fla. Stat. (1993).

The trial court relied upon the fact that Simmons committed five armed robberies in the two months prior to the second degree murder at issue in the instant case, as well as 1995 convictions for two counts of unoccupied burglary, one count of petit theft, one count of criminal mischief, and one count of extortion. Simmons's appeal from the fifty-year sentence follows.

II.     STANDARD OF REVIEW

"The legality of a sentence is a question of law, and thus, subject to de novo review. Similarly, our review of the constitutionality of a sentence is de novo." Montgomery v. State, 230 So. 3d 1256, 1258 (Fla. 5th DCA 2017), review denied, No. SC18-102, 2018 WL 6434797 (Fla. Dec. 7, 2018) (citations omitted).

III.     ANALYSIS

Simmons raises three arguments on appeal. First, Simmons asserts that the trial court's imposition of an upward departure sentence without a jury determination that he engaged in an escalating pattern of criminal conduct violates the dictates of Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Second, Simmons argues that he is entitled to relief claiming the trial court failed to specifically find that he was not amenable to rehabilitation or supervision and that such a specific finding is required by section 921.0016(3)(p), Florida Statutes (1993), before a departure sentence may be

4

imposed. Third, Simmons argues that his fifty-year sentence is illegal.  We address each argument in turn.

A. *Apprendi* and *Blakely* error

In Apprendi, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490.  Subsequently, in Blakely, the Supreme Court held:

> Our precedents make clear . . . that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

542 U.S. at 303-04 (citations omitted).

It is well established that a violation of the principles set forth in Apprendi and Blakely is subject to harmless error review.  Washington v. Recuenco, 548 U.S. 212 (2006) (holding that Blakely violations are subject to harmless error review); Galindez v. State, 955 So. 2d 517, 522–23 (Fla. 2007) (holding that harmless error analysis applies to Apprendi and Blakely error and explaining that "to the extent some of our pre-Apprendi decisions may suggest that the failure to

5

submit factual issues to the jury is not subject to harmless error analysis, <u>Recuenco</u> has superseded them"); <u>see also</u> <u>Williams v. State</u>, 242 So. 3d 280, 289-90 (Fla. 2018) (noting that in <u>Galindez</u> the court concluded that <u>Apprendi</u> violations are subject to harmless error review); <u>Plott v. State</u>, 148 So. 3d 90, 94 (Fla. 2104) ("A claim of error under <u>Apprendi</u> and <u>Blakely</u> is subject to harmless error analysis."). For that reason, when "the record demonstrates beyond a reasonable doubt that a rational jury would have found" a fact that exposes the defendant to a sentence exceeding the statutory maximum, harmless error is shown. <u>Galindez</u>, 955 So. 2d at 523, 524 (finding harmless error in the trial court's failure to have the jury make a finding of victim injury where there was "clear and uncontested record evidence" of victim injury).

Given these principles, we find that the trial court improperly enhanced Simmons's sentence in violation of <u>Apprendi</u> and <u>Blakely</u> when it imposed an upward departure sentence based upon its own, rather than the jury's, factual finding that Simmons engaged in an escalating course of criminal conduct pursuant to section 921.001(8). In other words, because the trial court could not have departed from the guidelines sentence under section 921.001(8) based only on the jury's finding that Simmons was guilty of second degree murder with a firearm and possession of a firearm with a removed serial number, a violation of <u>Blakely</u> and <u>Apprendi</u> occurred. <u>See e.g.</u>, <u>Plott</u>, 148 So. 2d at 95 (finding that upward departure

6

sentences based on trial court's finding that the crimes were committed in an extraordinary cruel, egregious, vicious, and wicked manner were an unconstitutional enhancement under Apprendi and Blakely); Plasencia v. State, 170 So. 3d 865, 871 (Fla. 2d DCA 2015) ("Accordingly, under the holding in Blakely, the trial court improperly imposed a sentence in excess of Mr. Plasencia's guideline sentence based upon its findings that the murder was heinous, atrocious, or cruel and that the victim suffered extraordinary physical and emotional trauma in the absence of jury findings about those facts or Mr. Plasencia's admission to those facts."); Donohue v. State, 925 So. 2d 1163 (Fla. 4th DCA 2006) (reversing trial court's upward departure from defendant's guideline sentence on the basis of victim's vulnerability pursuant to section 921.0016(3)(j), Florida Statutes, because the facts supporting vulnerability of the victim were neither found by the jury or admitted by defendant as required by Blakely and Apprendi); cf. Brown v. State, No. SC18-323 (Fla. Dec. 20, 2018) (holding that section 775.082(10), Florida Statutes (2015), violates Apprendi and Blakely because it requires the court, rather than the jury, to make the finding of dangerousness to the public necessary to increase the statutory maximum nonstate prison sanction).

As explained above, however, Blakely and Apprendi errors are subject to a harmless error analysis. We conclude, based on the record, that the trial court's violation of the principles set forth in Apprendi and Blakely was harmless beyond

a reasonable doubt. In this case, Simmons was convicted in June 1995 of two counts of unoccupied burglary, one count of petit theft, one count of criminal mischief, and one count of extortion. Less than two years later, in December 1996, Simmons committed two armed robberies. The next month, January 1997, Simmons committed three armed robberies. That same month, on January 30, Simmons's crimes culminated with the second degree murder with a firearm committed in the instant case. Simmons's criminal activity, therefore, escalated over the course of two months from armed robbery to second degree murder, having begun less than two years earlier with non-violent crimes. Given this, a rational jury would have found that Simmons's prior record indicated an escalating pattern of criminal conduct, and any Apprendi and Blakely error is harmless. See Isaac v. State, 989 So. 2d 1217, 1219 (Fla. 1st DCA 2008) (holding that any potential Apprendi or Blakely error in the trial court's failure to have the jury determine whether defendant's convictions indicated an escalating pattern of criminal conduct under section 921.001(8), Florida Statutes, was harmless where defendant's "convictions began with misdemeanors and, over the course of two to three years, escalated to a considerable number of first-degree felonies involving violent crimes and, notably, the use of firearms"); Dirk v. State, 114 So. 3d 1024, 1025 (Fla. 5th DCA 2012) ("We affirm Dirk's upward departure sentence, finding that any error in the trial court's failure to apply Apprendi and Blakely, at Dirk's

8

resentencing was harmless error. The record demonstrates beyond a reasonable doubt that a rational jury would have found that Dirk had engaged in an escalating pattern of criminal conduct." (citations omitted)); see also, e.g., Donohue v. State, 979 So. 2d 1058, 1060 (Fla. 4th DCA 2008).

B.  Section 921.0016(3)(p), Florida Statutes

Simmons next argues that even if it was harmless error for the trial court to sentence him to a departure sentence in the absence of a jury's finding that he participated in an escalating pattern of criminal activity, he is still entitled to relief because under section 921.0016(3), the trial court was required and failed to specifically find that he was not amenable to rehabilitation. We disagree.

Section 921.0016(3)(p) does not require the trial court to find both that the defendant participated in an escalating pattern of criminal conduct and also that the defendant is not amenable to rehabilitation. The pertinent part of the statute states:

> (3) Aggravating circumstances under which a departure from the sentencing guidelines is reasonably justified include, but are not limited to:
> . . .
> (p) The defendant is not amenable to rehabilitation or supervision, as evidenced by an escalating pattern of criminal conduct as described in s. 921.001(8).

§ 921.0016(3)(p), Fla. Stat. (1993).

Pursuant to section 921.0016(3)(p) the trial court is not required to find both that there was an escalating pattern of criminal conduct and that the defendant was

9

not amenable to rehabilitation or supervision. The latter part of section 921.0016(3)(p) defines the first part. In other words, the fact that the defendant may not be amenable to rehabilitation is evidenced by—clearly shown by—the finding of an escalating pattern of criminal conduct. By finding that Simmons engaged in an escalating course of criminal conduct, the trial court established that he was not amenable to rehabilitation.

C. Simmons's fifty year sentence exceeds the legal maximum

Simmons argues that even if he is not entitled to relief under Apprendi and Blakely, his fifty year sentence must still be reduced to a forty year sentence. The State concedes that Simmons is correct on this point.

The offense at issue occurred on January 30, 1997, within the window period established in Trapp v. State, 760 So. 2d 924, 928 (Fla. 2000), to challenge a guideline sentence under Heggs v. State, 759 So. 2d 620 (Fla. 2000). As a result, Simmons was entitled to be resentenced under the 1994 version of the sentencing guidelines. See Kinsey v. State, 831 So. 2d 1253, 1254 (Fla. 2d DCA 2002); Ned v. State, 758 So. 2d 1286 (Fla. 3d DCA 2000). Under the 1994 version of the sentencing guidelines, the legal maximum for the offense of second degree murder was a term not exceeding forty years. §772.082(3)(a), Fla. Stat. (1993); see also Miranda v. State, 832 So. 2d 937, 941 (Fla. 3d DCA 2002). For that reason, Simmons's fifty year sentence is illegal. The parties also agree that pursuant to

10

<u>Miranda</u>, the proper remedy is for Simmons's fifty year sentence to be reduced to forty years.  <u>Id.</u> at 941.

IV.    <u>CONCLUSION</u>

Because a rational jury would have found that Simmons's prior record indicated an escalating pattern of criminal conduct, the trial court's error in failing to follow the principles set forth in <u>Apprendi</u> and <u>Blakely</u> is harmless and we affirm the trial court's imposition of an upward departure sentence.  Nonetheless, Simmons's fifty year sentence must be reduced as it exceeds the statutory maximum under the applicable 1994 penalty for a life felony.  On remand, Simmons's fifty year sentence must be reduced to a forty year prison term. <u>Miranda</u>, 832 So. 2d at 941.  Simmons need not be present for the sentence reduction.  <u>Id.</u>

Affirmed in part, reversed in part, and remanded for reduction of sentence.